By the Court.
Section 4357, Revised Statutes, is as follows: “Every husband, wife, child, parent, *129 ■guardian, employer, or other person injured in person or property, or means of support, hy any intoxicated person, or in consequence of the intoxication, habitual or otherwise,' of any person, shall, after the giving and during the existence of the notice provided for in the next section, have a right of action in his or her own name, severally or jointly against any person or persons who, by selling or giving intoxicating liquors, have caused the intoxication, in whole or in part, of such person; and the owner ■of any building or premises and the person renting or leasing the same, having knowledge that intoxicating liquors are to be sold therein, in violation of law, or having leased the same for other purposes, knowingly permit intoxicating liquors to be sold therein, that have caused the intoxication in whole ■or in part, of such person, shall be liable severally or jointly with the person or persons selling or giving intoxicating liquors as aforesaid, for all damages sustained, as well as exemplary damages.”
Section 4358, Revised Statutes, prior to the amendment, read as follows: “Such husband, wife, child, parent, guardian, or other interested person liable to be so injured by any sale of intoxicating liquors to any person, and desiring to prevent the sale of intoxicating liquors to such person, shall give notice either verbally or in writing, before a witness, to the person or persons so selling or giving the intoxicating liquors, or [and] to the owner or lessor of the premises wherein' such intoxicating liquors are given or sold, or file with the township or corporation clerk in the township or municipal corporation wherein such intoxicating liquors may be sold, notice to all liquor dealers not to sell to such person any intoxicating liquors from *130 and after ten [five] days from the date of so filing such notice.” And as amended April 25, 1898 (93 O. L., 371), it reads as above, omitting the words in italics and substituting the word [and] for or and [five] for ten.
The circuit court held the petition defective for want of averment that the notice was served also on the owner or lessor of the premises or an averment that the seller was also the owner of the premises. Prior to the amendment, upon the filing of the notice with the clerk or giving notice to both the seller and the owner or lessor, the seller and owner or lessor were jointly and severally liable, and the seller or giver was liable in the event of notice to him alone. Did the legislature by the amendment intend so to change the law that the seller' is not liable unless notice is served both upon him and the owner? The apparent intention of the legislature was to withdraw permission to file the notice with the clerk and to do away with the requirement that the notice be given before a witness.
Section 23, Revised Statutes, provides that in the interpretation of part second, which includes section 4358, unless the context shows that another sense was intended, the word “and” may be read “ or, ” and “ or ” read ‘ ‘ and, ’ ’ if the sense requires it.
If the sole change made by the amendment had been to substitute “and” for “or” it may be conceded that it could not be read “or,” but the apparent purpose of the amendment having been to make the important changes already noticed and no good reason being apparent why the legislature should intend to make the right of action against the seller depend upon notice to the owner in addition to him *131 self, the copulative “and” may be read “or” now, just as prior to the amendment “and” might have been substituted for the disjunctive “or” if the sense required it.
If we are to stick in the bark it might have been before the amendment just as forcibly contended that an action would lie against the seller if notice had been given either to him or the owner as now that it will not unless it is given to both.

The judgment of the circuit court is reversed and that of the common pleas affirmed.

Davis, C. J., Shauok, Price, Summers and Spear, JJ., concur.